# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

THOMAS W. ESTES,)
)
Plaintiff,)
)
v.) No. CIV 14-141-RAW-SPS
)
JOSEPH POFFEL, et al.,)
)
Defendants.)

## OPINION AND ORDER

Plaintiff, a pretrial detainee who is incarcerated in the Muskogee County Jail, filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, against Muskogee County Police Officers Joseph Poffel and Wesley Biles, the Muskogee County Police Department, and Muskogee County District Judge Norman Thygesen (Docket No. 1). He is requesting relief in the forms of monetary damages and a stay of the revocation of his suspended sentence.

Plaintiff alleges he was a passenger in a car during a traffic stop, when Defendant Poffel shot him without justification and kicked his body. Defendant Wesley Biles allegedly placed plaintiff in a choke hold and attempted to arrest him without even knowing plaintiff's name.

Plaintiff further alleges that on March 26, 2014, Defendant Judge Thygesen ordered the revocation of plaintiff's suspended sentence, based on charges filed against plaintiff on January 21, 2014. Plaintiff contends this violated the concept of being innocent until proven guilty beyond a reasonable doubt. In addition, the revocation was cruel and unusual, because it caused him to suffer extreme worry, fear, and depression.

Pursuant to 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee or a governmental entity." 28 U.S.C. § 1915A(a).

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Here, the court finds plaintiff has failed to state a claim against Judge Thygesen or the Muskogee County Jail. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Therefore, the court finds plaintiff's claim against Defendant Thygesen is frivolous and should be dismissed under 28 U.S.C. § 1915A.

The court further finds that plaintiff's claim against the Muskogee County Police Department also is frivolous. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, No. 09-5130, 362 Fed. Appx. 904, 907, 2010 WL 257286, at *3 (10th Cir. Jan. 15, 2010) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity")). Plaintiff's complaint does not make specific factual claims against the Muskogee County Police Department and does not demonstrate why this governmental sub-unit is a suable entity. Therefore, this defendant also is dismissed, pursuant to 28 U.S.C. § 1915A.

Finally, plaintiff's request for relief with regard to the revocation of his suspended sentence is not proper in a civil rights complaint. Such requests instead must be presented in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The form for filing such actions are available from the Court Clerk's office.

**ACCORDINGLY,** Defendants Judge Norman Thygesen and the Muskogee County Police department are DISMISSED from this action as frivolous, pursuant to 28 U.S.C. §

2

1915A, and plaintiff's claim for relief regarding the revocation of his suspended sentence is DISMISSED WITHOUT PREJUDICE as inappropriate for this civil rights action.

**IT IS SO ORDERED** this 22nd day of April 2014.

_Ronald A. White_
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE